Brett M. Schatz (schatbr)
Law Office of Brett M. Schatz P.C.
1345 Avenue of the Americas
Second Floor
New York, NY 10105
Tel: 212-631-7463
Fax: 646-786-3325
e-mail: bschatz@bmsfirm.com

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x         **CIVIL CASE NUMBER:**
**IVAN GINDEA**

                                                                    **COMPLAINT
                                                                      FLSA AND NEW YORK LABOR**
                      **Plaintiff,**                             **LAW ACTION FOR FAILURE**
        **vs.**                                                     **TO PAY OVERTIME AND
                                                                      AND RETALIATION
                                                                      DEMAND FOR JURY TRIAL**

**MAIDENBERG STEEL CORP., MOSHE
MAIDENBERG**
                         **Defendants.**
-----------------------------------------------------------x

Plaintiff, Ivan Gindea, by and through his attorney of record, Law Office of Brett M. Schatz PC, allege as follows:

## NATURE OF THIS ACTION

1. This is an action to recover from the defendants' (all named defendants are hereinafter collectively referred to as the "Defendants") unpaid overtime pursuant to the provisions of the Fair Labor Standards Act of 1938, as amended, hereinafter referred to as the "FLSA" and various provisions of the New York Labor Law, hereinafter referred to as the "NYLL" and unpaid Spread of Hours Pay and damages for failure to provide notices under the NYLL.

2. The defendant Maidenberg Steel Corp. is involved in steel based construction.

1

3. Upon information and belief, defendant Moshe Maidenberg is the Chief Executive Officer of defendant Maidenberg Steel Corp. and is in charge of hiring and firing employees and setting rates of pay.

4. Defendants principal executive office is located at 19 Dorothy St. Staten Island, NY 10316

5. Plaintiff was employed by Defendants as a foreman.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201.

7. This Court has supplemental jurisdiction over the New York state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

9. Plaintiff is a resident of the state of New York, Kings County.

10. Upon information and belief defendant Moshe Maidenberg is a resident of the state of New York.

11. Defendant Maidenberg Steel Corp. is a corporation formed under the laws of the state of New York with a principal executive office at 19 Dorothy St. Staten Island, NY 10316.

12. At all relevant times including during Plaintiff's employment, defendant Maidenberg Steel Corp. has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

13. Upon information and belief, at all relevant times, defendant Maidenberg Steel Corp. had gross revenues in excess of $500,000.00.

14. Upon information and belief defendant Moshe Maidenberg is and was an officer and owner of defendant Maidenberg Steel Corp.

15. Upon information and belief at all relevant times defendant Moshe Maidenberg exercised control over the terms and conditions of Plaintiff's employment; with respect to Plaintiff and other employees of the Stores, he had the power to (i) fire and hire, (ii) determine rate and method of pay and (iii) otherwise affect the quality of employment.

16. At all relevant times, Defendants employed plaintiff within the meaning of the FLSA, 29 U.S.C. §203(d).

17. Defendant Moshe Maidenberg participated in the day-to-day operations of defendant Maidenberg Steel Corp. and acted intentionally and maliciously in his direction and control of Plaintiff and other similarly situated employees, and defendants Moshe Maidenberg is an "employer" pursuant to the FLSA and NYLL § 2 and the regulations thereunder, and therefore defendant Moshe Maidenberg is jointly and severally liable with defendant Maidenberg Steel Corp.

18. All actions and omissions described in this complaint were made by Defendants directly or through their supervisory employees and agents.

19. At all relevant times the Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

20. At all relevant times the work performed by Plaintiff was directly essential to the business operated by Defendants.

**FACTS**

21. Plaintiff, re-alleges and incorporates by reference all previous paragraphs.

22. The Defendants own and operate a company which is involved in steel-based construction.

23. Plaintiff, at all relevant times hereto, was employed as a foreman.

24. At all relevant times the work performed by Plaintiff was directly essential to the business operated by Defendants.

25. At all relevant times Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime wages in direct contravention of the FLSA and the NYLL.

26. At all relevant times Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

27. In addition, Plaintiff was not provided with proper wage statements and Defendants did not keep proper time records for Defendants as required pursuant the FLSA and NYLL.

28. Defendants committed the following alleged acts knowingly, intentionally and willfully.

29. Defendants knew that, nonpayment of overtime and spread of hours would economically injure the Plaintiff and violated federal and state laws.

30. Plaintiff was employed by Defendants from April 1, 2004 to December 12, 2017. During his employment, Plaintiff worked for 58 hours per week and was paid straight time for all overtime hours worked.

31. Plaintiff was paid twenty-five (25) dollars per hour in 2012 and 2013, thirty (30) dollars per hour in 2014 and 2015, and thirty-five (35) dollars per hour in 2016 and 2017.

32. Plaintiff was not compensated one and one half times his hourly pay as required pursuant to New York State and Federal law for hours that he worked in excess of forty per workweek.

33. Plaintiff regularly worked in excess of 10 hours per day.

34. However, Plaintiff was not paid New York's "spread of hours" premium on days that he worked in excess of 10 hours.

35. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FIRST CLAIM FOR RELIEF
### (FLSA Overtime Violations, 29 U.S.C. §§ 201 et seq.)

36. Plaintiff, re-allege and incorporate by reference all previous paragraphs.

37. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

38. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiff at one and one half times the minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA.

39. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rates, one and a half times the federal minimum wage for hours worked in excess of forty (40) hours per workweek.

40. Plaintiff, seeks damages in the amount of his respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (New York Minimum Wage Act, N.Y. Stat. § 650 et seq.,)

41. Plaintiff, re-alleges and incorporates by reference all previous paragraphs.

5

42. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

43. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiff at one and one half times the minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the NYLL.

44. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rates, one and a half times the New York State minimum wage for hours worked in excess of forty (40) hours per workweek.

45. Plaintiff, seeks damages in the amount of his respective unpaid overtime compensation, liquidated (double) damages as provided by the New York Minimum Wage Act for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(New York Spread of Hours Provisions,
N.Y. Lab. L. § 650 et seq., and N.Y. Comp. Code R. & Regs. tit. 12, § 137-1.7)**

46. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

47. Plaintiff regularly worked more than 10 hours in a workday.

48. Defendants willfully failed and intentionally failed to compensate Plaintiff one hour's additional pay as required by New York State law.

49. As a direct and proximate result of Defendants' unlawful conduct, as set

forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial, liquidated damages, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

## FOURTH CLAIM FOR RELIEF
(New York Labor Law-Wage Notice Violation)

50. Plaintiff, repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

51. At all relevant times, Defendants employed Plaintiff within the meaning of the NYLL, §§ 2 and 651.

52. Defendants have willfully failed to supply Plaintiff notice as required by Article 6, § 195, on the date of hire and February 1 of each year, in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

53.  Due to Defendants violations of the NYLL, Plaintiff is entitled to recover from Defendants fifty dollars ($50.00) for each workweek that the violations occurred or continue to occur, or a total of twenty-five hundred dollars ($2,500.00), as provided for by NYLL, Article 6, §§ 190 et

seq., reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

### FIFTH CLAIM FOR RELIEF
### (New York Labor Law-Wage Statement Violations)

54. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

55. Defendants have willfully failed to supply Plaintiff with an accurate statement of wages as required by NYLL, Article 6, § 195, containing Plaintiff's overtime rate or rates of pay if applicable; and an accurate count of the number of hours worked, including overtime hours worked if applicable.

56. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants one hundred dollars ($100.00) for each workweek that the violations occurred or continue to occur, or a total of twenty-five hundred dollars ($2,500), as provided for by NYLL, Article 6, §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post judgment interest, and injunctive and declaratory relief just and proper.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself prays for relief as follows:

(a) An award of compensatory damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to the FLSA, NYLL, and supporting regulations;

(b) An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to the FLSA, NYLL and supporting regulations;

(c) An award of compensatory damages as a result of the Defendants' willful failure to pay "spread of hours" premium pursuant to the NYLL and supporting regulations;

8

(d)   An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay "spread of hours" premium pursuant to the NYLL and supporting regulations;

(e)   Fifty dollars ($50.00) for each workweek that the violations of the wage notice provision of the NYLL, Article 6 § 195 occurred or continue to occur, or a total of twenty-five hundred dollars ($2,500) as provided for by NYLL Article 6 § 198(1-b);

(f)   One Hundred dollars ($100.00) for each workweek that the violations of the wage statement provision of the NYLL, Article 6 § 195 occurred or continue to occur, or a total of twenty-five hundred dollars ($2,500.00) as provided for by NYLL, Article 6 § 198(1-d);

(g)   Penalties available under applicable laws;

(h)   Costs of action incurred herein, including expert fees;

(i)   Attorneys fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

(j)   Pre-Judgment and post judgment interest, as provided by law; and

(k)   Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York       Respectfully submitted,
      October 16th, 2018

*(signature)*
Brett M. Schatz
Law Office of Brett M. Schatz, P.C.
1345 Avenue of the Americas
Second Floor
New York, NY 10105
Tel: 212-631-7463
Fax: 646-786-3325
e-mail: bschatz@bmsfirm.com
*Attorney for Plaintiff,*

## **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which they have a right to jury trial.