UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IVAN GINDEA and JOSE ARMANDO SANTIBANEZ SANCHEZ,<br><br>    Plaintiffs,<br><br>-against-<br><br>MAIDENBERG STEEL CORP., LONG HORN CORP., MOSHE MAIDENBERG and MATAN MAIDENBERG,<br><br>    Defendants. | **THIRD AMENDED COMPLAINT**<br><br>18 CV 6493 (WFK) (CLP)<br><br>Jury Trial Demanded |

Plaintiffs Ivan Gindea and Jose Armando Santibanez Sanchez, by and through their attorneys, the law firm of Elefterakis, Elefterakis & Panek, allege as follows:

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of defendants' violation of the Fair Labor Standards Act of 1938 ("FLSA") and New York Labor Law ("NYLL").

## JURISDICTION AND VENUE

2. This action is brought pursuant to the FLSA, 29 U.S.C. § 201 and jurisdiction is conferred by 28 U.S.C. § 1331. Plaintiffs also invoke the Court's supplemental jurisdiction in accordance with 28 U.S.C. § 1367(a)

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

4. Plaintiffs demand a trial by jury in this action.

## PARTIES

5. Plaintiffs Ivan Gindea ("Mr. Gindea") and Jose Armando Santibanez Sanchez ("Mr. Sanchez") are former employees of defendants Maidenberg Steel Corp. and Long Horn Corp. Mr. Gindea was a foreman and Mr. Sanchez was a welder. The work performed by plaintiffs was essential to the business operated by defendants.

6. Defendants Maidenberg Steel Corp. ("Maidenberg Steel") and Long Horn Corp. ("Long Horn") are corporations organized under the laws of the State of New York. Maidenberg and Long Horn are involved in the construction industry.

7. At all relevant times, Maidenberg Steel and Long Horn were employers engaged in interstate commerce and/or the production of goods within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

8. Maidenberg Steel and Long Horn are an "enterprise engaged in commerce" within the meaning of the FLSA.

9. Upon information and belief, Maidenberg Steel and Long Horn each had gross revenues in excess of $500,000 during the years in which plaintiffs were employed.

10. Defendants Moshe Maidenberg and Matan Maidenberg were, upon information and belief, at all relevant times, owners and officers of Maidenberg Steel and Long Horn ("Owners").

11. The Owners were responsible, directly or indirectly, for the wage violations alleged herein.

12. The Owners exercised control over the terms and conditions of plaintiffs' employment and had the power to hire and fire plaintiffs, determine the rate and method of plaintiffs' pay and otherwise affect the quality of plaintiffs' employment.

13. The Owners, who are sophisticated, participated in all aspects of the operations of Maidenberg Steel and Long Horn and willfully and intentionally committed the wage violations alleged herein. As a result, *inter alia*, the Owners are "joint employers" within the meaning the FLSA and NYLL and are jointly and severally liable to plaintiffs.

14. Long Horn, established in 2017, is a mere continuation of Maidenberg Steel and is the successor company to Maidenberg Steel.

15. Long Horn was established only a few months before commencement of a prior action in this district asserting FLSA and NYLL claims against Maidenberg Steel. *See Rosado Hernandez v. Maidenberg Steel*, 17 CV 4905 (ARR) (CLP).

16. There is continuity of ownership between Maidenberg and Long Horn, with each business headed by Matan and Moshe Maidenberg.

17. Upon information and belief, Maidenberg Steel ceased ordinary business and dissolved as soon as possible to avoid wage violation liabilities, including those presented in this case.

18. Upon information and belief, Long Horn assumed the liabilities of Maidenberg Steel either expressly or impliedly.

19. There is continuity of management and personnel between Maidenberg Steel and Long Horn, with each firm having the same general manager, Teodoro T. Moscioni and the same employees, including plaintiffs and members of the Maidenberg family.

20. There is continuity of physical location, assets and general business operation, with Maidenberg Steel and Long Horn each headquartered at 19 Dorothy Street, Staten Island, New York.

21. Upon information and belief, Long Horn uses the same heavy equipment and other machinery as was used by Maidenberg Steel.

22. Thus, Maidenberg Steel and Long Horn are jointly controlled and operate interchangeably as a single integrated enterprise, with the same owners and directors, co-mingled assets and a consolidated work force, with the two corporations sharing

power over the management of employees such as plaintiffs, including their hiring, firing, wages, schedules and responsibilities.

23. Plaintiffs were jointly employed and paid by Maidenberg Steel and Long Horn.

## STATEMENT OF FACTS

Mr. Gindea

24. Mr. Gindea worked for defendants from approximately April 1, 2004 to approximately December 12, 2017.

25. During his employment, Mr. Gindea worked for 58.5 hours per week, but was paid "straight time" for the 18.5 hour of overtime he worked each week.

26. Mr. Gindea worked for defendants Monday through Friday from 7:30 a.m. to 6:00 p.m., and on Sunday from 8:00 a.m. to 5:00 p.m.

27. Mr. Gindea was paid twenty-five dollars per hour in 2012 and 2013, thirty dollars per hour in 2014 and 2015, and thirty-five dollars per hour in 2016 and 2017.

28. Defendants did not compensate Mr. Gindea one- and one-half times his hourly pay for overtime as required by the FLSA and NYLL.

29. Defendants also failed to compensate Mr. Gindea as required under "spread of hours" rules as established by the NYLL and applicable wage orders, although Mr. Gindea worked in excess of ten hours per day.

30. Defendants failed to provide Mr. Gindea with wage statements or notices as required under the NYLL § 195(1) and (3).

31. Upon information and belief, defendants kept improper and inadequate records regarding compensation paid to Mr. Gindea and otherwise failed to comply with the requirements of the FLSA and NYLL.

Mr. Sanchez

32. Mr. Sanchez worked for defendants from approximately 2017 until September 10, 2019.

33. When he worked for defendants, Mr. Sanchez's minimum working hours were 7:00 a.m. to approximately 5:00 p.m. six days a week.

34. Some weeks, Mr. Sanchez worked an additional approximately nine and a half hours on the seventh day.

35. Regardless of the number of hours Mr. Sanchez worked and without complying with the overtime, spread of hours, notice or statement requirements of the FLSA and NYLL, defendants paid Mr. Sanchez $1000 per week.

36. Upon information and belief, defendants kept improper and inadequate records regarding compensation paid to Mr. Sanchez and otherwise failed to comply with the requirements of the FLSA and NYLL.

## FIRST CLAIM
### Fair Labor Standards Act – Overtime Wages

37. Plaintiffs repeats and reallege each and every allegation as if fully set forth herein.

38. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA.

39. At all relevant times, each of the Defendants have been, and continue to be, an employer engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, each defendant has employed "employee[s]," including plaintiffs.

40. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations, apply to defendants and protect plaintiffs.

41. Plaintiffs worked in excess of forty hours the majority of the weeks worked in the relevant time period.

42. Plaintiffs at all times relevant have been nonexempt employees of defendants.

43. Defendants willfully failed to pay plaintiffs one-and-one-half times their regular rate of pay for all work in excess of forty hours per workweek.

44. Defendants' unlawful conduct, as described herein, has been willful and intentional. Defendants were aware or should have been aware that the practices described herein were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiffs.

45. Because defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 et seq.

46. As a result of defendants' violations of the FLSA, plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

## SECOND CLAIM
### New York Labor Law – Overtime Wages

47. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

48. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to defendants, and protect plaintiffs.

49. At all times relevant plaintiffs have been non-exempt employees of defendants.

50. Defendants have failed to pay plaintiffs overtime wages to which they have been entitled under the NYLL and the supporting New York state Department of Labor Regulations – at a rate of 1.5 times their regular rate of pay – for all hours worked in excess of 40 per workweek.

51. Defendants have failed to keep, make, preserve, maintain, and furnish accurate records of time worked by plaintiffs.

52. Through their knowing or intentional failure to pay plaintiffs overtime wages for hours worked in excess of 40 hours per week, defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

53. Due to defendants' violations of the NYLL, plaintiffs are entitled to recover from defendants their unpaid overtime wages, liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### THIRD CLAIM
**New York Labor Law – Spread of Hours**

54. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

55. Throughout the statute of limitations period covered by these claims, plaintiffs regularly worked ten or more hours in a workday.

56. Defendants willfully failed and intentionally failed to compensate plaintiffs one hour's additional pay as required by New York State law.

57. Through their knowing or intentional failure to pay plaintiffs spread of hours wages, defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

58. Due to defendants' violations of the NYLL, plaintiffs are entitled to recover from defendants their unpaid overtime wages, liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FOURTH CLAIM
**New York Labor Law – Failure to Provide Proper Wage Statements**

59. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

60. Defendants have willfully failed to furnish plaintiffs with statements with every payment of wages as required by NYLL, Article 6, § 195(3), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate

or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

61. Through their knowing or intentional failure to provide plaintiff with the wage statements required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

62. Due to defendants' willful violations of NYLL, Article 6, § 195(3), plaintiffs are entitled to statutory penalties of two hundred fifty dollars for each workweek that defendants failed to provide plaintiffs with proper wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## FIFTH CLAIM
**New York Labor Law – Failure to Provide Proper Annual Wage Notices**

63. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

64. Defendants have willfully failed to furnish plaintiffs with annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the

employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

65. Through their knowing or intentional failure to provide plaintiffs with the annual wage notices required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

66. Due to defendants' willful violations of NYLL, Article 6, § 195(1), plaintiffs are entitled to statutory penalties of fifty dollars for each day that defendants failed to provide plaintiffs with proper annual wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

(a) Unpaid overtime compensation, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

(b) Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under the NYLL, Article 6, §§ 190 et seq., NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations;

(c) Unpaid overtime and spread of hours compensation, along with liquidated damages and interest, as permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

(d) Statutory penalties of fifty dollars for each day that defendants failed to provide plaintiffs with proper annual wage notices, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

(e) Statutory penalties of two hundred fifty dollars for each workweek that defendants failed to provide plaintiffs with proper wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

(f) Prejudgment and post-judgment interest;

(g) An injunction requiring defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

(h) Reasonable attorneys' fees and costs of the action; and

(i) Such other relief as this Court shall deem just and proper.

Dated:     April 8, 2021
              New York, New York

Elefterakis, Elefterakis & Panek

_____
Gabriel P. Harvis
Baree N. Fett
80 Pine Street, 38th Floor
New York, New York 10005
(212) 532-1116
gharvis@eeplaw.com

*Attorneys for plaintiffs*