UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IVAN GINDEA and JOSE ARMANDO
SANTIBANEZ SANCHEZ,

              Plaintiffs,

-against-

MAIDENBERG STEEL CORP., LONG HORN
CORP., MOSHE MAIDENBERG and MATAN
MAIDENBERG,

              Defendants.

18 CV 6493 (WFK) (JRC)

## SETTLEMENT AGREEMENT AND LIMITED RELEASE OF CLAIMS

This Settlement Agreement and Limited Release of Claims (hereinafter, "Agreement") is entered into between and among, IVAN GINDEA and JOSE ARMANDO SANTIBANEZ SANCHEZ, and their respective heirs, executors, administrators, successors, and assigns, (hereinafter jointly and collectively referred to herein as "PLAINTIFFS"), and MAIDENBERG STEEL CORP., LONG HORN CORP., and said companies' direct or indirect successors, predecessors, parents, their related domestic and foreign business entities, corporations, partnerships, and subsidiaries, as well as its respective current and former directors, officers, shareholders, partners, employees, assigns, and their successors in interest, representatives, agents, insurers, both in their representative and individual capacities, and said individuals' heirs, executors, administrators, successors, assigns, and attorneys, and MOSHE MAIDENBERG and MATAN MAIDENBERG, (hereinafter collectively referred to as "DEFENDANTS").

1

A. WHEREAS, PLAINTIFFS have alleged claims under the Fair Labor Standards Act of 1938, and New York State labor claims pursuant to New York State Labor Law §§ 650 et seq., in action pending in the United States District Court for the Eastern District of New York, Docket No. 18-6493 (the "Action"); and

B. WHEREAS, DEFENDANTS have denied PLAINTIFFS' claims in their entirety; and

C. WHEREAS, DEFENDANTS and PLAINTIFFS wish to avoid the uncertainties and expenses of the proceedings in this matter; and,

D. In light of the foregoing, DEFENDANTS are willing to enter into this Agreement with PLAINTIFFS and to provide PLAINTIFFS with the consideration specified in Paragraph 1, below, in exchange for PLAINTIFFS' respective promises set forth in this Agreement.

Based upon the foregoing promises and the consideration to be provided to PLAINTIFFS and the other promises set forth below, PLAINTIFFS and DEFENDANTS, intending to be legally bound, agree as follows:

**1.      Consideration to be Provided to PLAINTIFFS.**

A) In consideration for the promises made by PLAINTIFFS set forth in this Agreement, DEFENDANTS promise to pay the cumulative sum of SIXTY-THREE THOUSAND ($63,000.00) Dollars ("settlement amount"), payable in installments, as described below. Payments shall be as follows: By checks payable to the law firm "Elefterakis, Elefterakis & Panek." Said sums to be deposited in the firm's escrow account. PLAINTIFFS will be responsible for any taxes due on said consideration and agree to indemnify and hold harmless DEFENDANTS for any such liability. Payments shall be sent to Elefterakis, Elefterakis & Panek, 80 Pine Street, 38th Floor, New York, New York 10005, attention: Gabriel Harvis.

B.     Beginning on February 1, 2022 or the first day of the month following the Court's approval of this settlement, whichever is later, and for a total of twelve consecutive months, DEFENDANTS shall deliver to PLAINTIFFS' attorneys a check for $5,250.00, for a total of twelve (12) such payments totaling Sixty-Three Thousand Dollars and Zero Cents ($63,000.00).

C.     Should:1) the DEFENDANTS fail to make any timely installment payment by the due date set forth above; and 2) PLAINTIFFS' counsel provides written notice by EMAIL to DEFENDANTS' COUNSEL that DEFENDANTS are in default of this agreement, and 3) fourteen (14) days have passed since such receipt written notice of default and 4) DEFENDANTS have not cured such default by making payment in full for the overdue payment, all remaining unpaid installment payments shall be accelerated and become immediately due.  In any action in which PLAINTIFFS seek to recover the unpaid balance resulting from a default, PLAINTIFFS shall also recover all costs and reasonable attorney's fees incurred.

2.     **Adequate Consideration.**

PLAINTIFFS, jointly and severally, expressly stipulate that the consideration referred to in Paragraph 1 constitutes adequate and ample consideration for the rights and claims they are each waiving under this Agreement and for the obligations imposed upon each of them by virtue of this Agreement. PLAINTIFFS expressly agree and acknowledge that DEFENDANTS have promised to pay the consideration referred to in Paragraph 1 of this Agreement in exchange for the releases, waivers, and promises made in this Agreement.

3.     **Release of All Fair Labor Standards Act and New York Labor Law Related Claims:** Plaintiffs understand and agree that the Settlement Amount is in full satisfaction of any and all obligations Defendants may have with respect to Plaintiffs' claims alleged in the Action and for

alleged unpaid overtime wages, liquidated damages, statutory penalties, interest, and attorneys' fees and disbursements under the wage and hour provisions of the NYLL, the FLSA, and any other applicable wage and hour payment laws, rules, or regulations for anything that has occurred up to the date Plaintiffs execute this Agreement. Plaintiffs hereby completely release all wage and hour claims against Defendants and forever discharge Defendants with prejudice to the fullest extent permitted by law from all actions, claims, and/or causes of action which Plaintiffs, Plaintiffs' heirs, executors, administrators, successors and/or assigns may now have or hereafter can, shall, or may have against Defendants from the beginning of time up to and including the day of the date of this Agreement for any alleged violation of the FLSA, 29 U.S.C. § 201 et seq., the NYLL, and their respective governing regulations.

4. **No Disputes Pending or Assigned by PLAINTIFFS**

All parties agree that extended litigation of the FLSA claims raised in the Action would be burdensome and expensive and therefore voluntarily agree to resolve the issues by way of this Agreement to avoid such burdens and expenses. All parties agree that they have been assisted by competent and able counsel and a neutral mediator, appointed through the Eastern District of New York Mediation Procedures for cases arising under the FLSA.

5.. **No Admission of Liability or Wrongdoing.**

Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability, or assessment of liability by Defendants under any law, ordinance, rule, regulation, policy, or order with respect to any claim that Plaintiffs have asserted, could have asserted, or may assert in connection with Plaintiffs' employment with Defendants. Defendants have consistently denied, and continue to deny, each and every allegation of

wrongdoing made by Plaintiffs, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

6. **Cessation of Employment.**

PLAINTIFFS hereby agree and acknowledge that their employment with any of the DEFENDANTS ceased.

7. **Advice of Counsel.**

All parties acknowledge that they have had an opportunity to receive advice about the terms and legal effects of this Agreement from counsel of their choosing. The parties hereby represent that they have consulted their attorney(s) about this Agreement before signing it.

8. **Severability.**

Should any part of this Agreement be declared by a court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain valid and in effect, with the invalid provision deemed to conform to a valid provision most closely approximating the intent of the invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be a part of this Agreement.

9. **Governing Law and Interpretation.**

This Agreement shall be governed by and construed in accordance with the laws of the State of New York. Its language shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless as to which party may have drafted the language in question. The Eastern District of New York shall retain jurisdiction over this agreement for the purpose of adjudicating any dispute, claim, or cause of action arising out of, or related to, this Agreement or the enforcement of this Agreement. This court shall have continuing, exclusive

jurisdiction over such claim, dispute, or disagreement, and the Parties consent to the personal jurisdiction of said court.

10. **No Effect on Other Pending Matters.**

All parties represent and agree that this Agreement shall have no impact or effect upon other litigation between the parties, including the matter captioned *Ivan Gindea and Tatjana Dubova v. UTRECHT 48 LLC, et al., WCC BUILDERS LLC v. Maidenberg Steel Corp, et ano., Utrecht LLC, et ano. v. Maidenberg Steel Corp., et ano.*, proceeding under Kings County Supreme Court Index No. 507853/2018.

10. **Entire Agreement.**

All parties represent and agree that they are not relying on any representations, promises, statements, or agreements not contained in this Agreement. All parties represent and agree that this is an all-inclusive Agreement and that no other written, oral, and/or implied representations, promises, or agreements exist between them regarding the subject matter set forth in this Agreement. All parties represent and agree that this Agreement is a single, integrated contract expressing the entire agreement of the parties regarding the subject matter of this Agreement. This Agreement cannot be modified, amended, terminated, or otherwise changed unless it is done so pursuant to a written document signed by PLAINTIFFS and DEFENDANTS. PLAINTIFFS state that their respective attorneys' fees and expenses are paid, and there will be no further or separate claim for attorneys' fees or expenses.

11. **Filing of Stipulation of Dismissal with Prejudice**

Contemporaneously with the execution of this Agreement, Defendants shall authorize their counsel to execute a Stipulation of Dismissal with Prejudice on their behalf, which will be held in

escrow by Plaintiffs' counsel. Upon the Court granting Plaintiff's Motion for FLSA Approval, Plaintiffs shall authorize their counsel to execute the Stipulation of Dismissal with Prejudice on their behalf and file it with the Court. If the Court does not grant Plaintiffs' Motion for FLSA Approval, Plaintiffs shall be under no obligation to execute or file the Stipulation of Dismissal with Prejudice.

12. **Execution in Counterparts.**

This Agreement may be executed in counterparts, each of which shall be an original and all of which, when taken together, shall constitute a single Agreement.

**THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE. THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.**

**THE PARTIES AFTER DUE CONSIDERATION ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.**

**THIS IS A LEGAL DOCUMENT - READ CAREFULLY BEFORE SIGNING.**

JOSE ARMANDO SANTIBANEZ SANCHEZ

_____

Address: _____

STATE OF NEW YORK   )
                    ) ss:
COUNTY OF _____ )

On this ___ day of _____, 2022 before me personally came JOSE ARMANDO SANTIBANEZ SANCHEZ, known to me to be the individual described herein by providing appropriate identification and who executed the foregoing SETTLEMENT AGREEMENT AND RELEASE, and he duly acknowledged to me that he executed the same.

_____
Notary Public

MOSHE MAIDENBERG

_____

Address: _____

STATE OF NEW YORK   )
                    ) ss:
COUNTY OF _____ )

On this ___ day of _____, 2022 before me personally came MOSHE MAIDENBERG known to me to be the individual described herein by providing appropriate identification and who executed the foregoing SETTLEMENT AGREEMENT AND RELEASE, and he duly acknowledged to me that he executed the same.

_____
Notary Public

MATAN MAIDENBERG

X_____

Address: _____

STATE OF NEW YORK   )
                    ) ss:
COUNTY OF  New York )

On this 31st day of January, 2022 before me personally came MATAN MAIDENBERG, known to me to be the individual described herein by providing appropriate identification and who executed the foregoing SETTLEMENT AGREEMENT AND RELEASE, and he duly acknowledged to me that he executed the same.

_____
Notary Public

KERRIANN CONNELLY
Commissioner of Deeds, City of New York
No. 5-7515
Cert. Filed in Richmond County
Commission Expires on 07-01-2023

| | |
|---|---|
| MAIDENBERG STEEL CORP. and MOSHE MAIDENBERG | LONG HORN CORP. and MATAN MAIDENBERG |
| By: Moshe Maidenberg, individually and on behalf of the corporation | By: Matan Maidenberg, individually and on behalf of the corporation |
| Raab, Sturm & Ganchrow LLP. | Elefterakis, Elefterakis & Panek |
| By: Ira A. Sturm<br>Attorney for Defendants<br>Moshe Maidenberg & Maidenberg Steel Corp.<br>2125 Center Avenue, Suite 100<br>Fort Lee, New Jersey 07024 | By: Gabriel Harvis<br>Attorneys for Plaintiffs<br>80 Pine Street, 38th Floor<br>New York, New York 10005 |

Malvina Lin P.C.

By: Malvina Lin
Attorneys for Defendants
Matan Maidenberg & Long Horn Corp.
1203 Avenue J, Suite 4B
Brooklyn, New York 11230

On this ___ day of _____, 2021 before me personally came JOSE ARMANDO SANTIBANEZ SANCHEZ, known to me to be the individual described herein by providing appropriate identification and who executed the foregoing SETTLEMENT AGREEMENT AND RELEASE, and he duly acknowledged to me that he executed the same.

_____
Notary Public

MAIDENBERG STEEL CORP.
and MOSHE MAIDENBERG

_____
By: Moshe Maidenberg, individually
and on behalf of the corporation

LONG HORN CORP. and MATAN MAIDENBERG

_____
By: Matan Maidenberg, individually
and on behalf of the corporation

Raab, Sturm & Ganchrow LLP.

_____
By: Ira A. Sturm
    Attorney for Defendants
    Moshe Maidenberg & Maidenberg Steel Corp.
    2125 Center Avenue, Suite 100
    Fort Lee, New Jersey 07024

Elefterakis, Elefterakis & Panek

_____
By: Gabriel Harvis
    Attorneys for Plaintiffs
    80 Pine Street, 38th Floor
    New York, New York 10005

Malvina Lin P.C.

_____
By: Malvina Lin
Attorneys for Defendants
Matan Maidenberg & Long Horn Corp.
1203 Avenue J, Suite 4B
Brooklyn, New York 11230

IVAN GINDEA
_____

Address: 2077 E. 12th St., Apt. D10, Brooklyn, NY 11229

STATE OF NEW YORK )
                  ) ss:
COUNTY OF New York )

On this 3 day of February 2022 before me personally came IVAN GINDEA known to me to be the individual described herein by providing appropriate identification and who executed the foregoing SETTLEMENT AGREEMENT AND RELEASE, and he duly acknowledged to me that he executed the same.

_____
Notary Public

JOSE ARMANDO SANTIBANEZ SANCHEZ
_____

Address: 1134 Flatbhus Av, Apt.3 Brooklyn N.Y. 11226

STATE OF NEW YORK )
                  ) ss:
COUNTY OF New York )

On this 1 day of February, 2022 before me personally came JOSE ARMANDO SANTIBANEZ SANCHEZ, known to me to be the individual described herein by providing appropriate identification and who executed the foregoing SETTLEMENT AGREEMENT AND RELEASE, and he duly acknowledged to me that he executed the same.

_____
Notary Public

MOSHE MAIDENBERG
_____

Address: _____

STATE OF NEW YORK )
                  ) ss:
COUNTY OF _____ )

On this ___ day of _____, 2022 before me personally came MOSHE MAIDENBERG known to me to be the individual described herein by providing appropriate identification and who executed the foregoing SETTLEMENT AGREEMENT AND RELEASE, and he duly acknowledged to me that he executed the same.

_____
Notary Public

On this ___ day of _____, 2021 before me personally came JOSE ARMANDO SANTIBANEZ SANCHEZ, known to me to be the individual described herein by providing appropriate identification and who executed the foregoing SETTLEMENT AGREEMENT AND RELEASE, and he duly acknowledged to me that he executed the same.

_____
Notary Public

MAIDENBERG STEEL CORP.　　　　　　　　　LONG HORN CORP. and MATAN
and MOSHE MAIDENBERG　　　　　　　　　　MAIDENBERG

_____　　　　　　_____
By: Moshe Maidenberg, individually　　　　　By: Matan Maidenberg, individually
and on behalf of the corporation　　　　　　and on behalf of the corporation

Raab, Sturm & Ganchrow LLP.　　　　　　　Elefterakis, Elefterakis & Panek

_____　　　　　　_____
By: Ira A. Sturm　　　　　　　　　　　　　By: Gabriel Harvis
Attorney for Defendants　　　　　　　　　　Attorneys for Plaintiffs
Moshe Maidenberg & Maidenberg Steel Corp.　　80 Pine Street, 38th Floor
2125 Center Avenue, Suite 100　　　　　　　New York, New York 10005
Fort Lee, New Jersey 07024

Malvina Lin P.C.

_____
By: Malvina Lin
Attorneys for Defendants
Matan Maidenberg & Long Horn Corp.
1203 Avenue J, Suite 4B
Brooklyn, New York 11230